IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 97-51022
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JUAN MARTINEZ, SR.,

Defendant-Appellant.

- - - - - - - - - -
Appeal from the United States District Court
for the Western District of Texas
USDC No. DR-96-CR-265-1
- - - - - - - - - -

February 4, 1999

Before DAVIS, DUHÉ, and PARKER, Circuit Judges.

PER CURIAM:[1]

Juan Martinez, Sr., appeals his conviction and sentence after being convicted of conspiracy to possess marijuana with intent to distribute and possession of marijuana with intent to distribute. After reviewing the record and the briefs of the parties, we AFFIRM.

Martinez argues that the Government engaged in deliberate misconduct when it questioned the case agent, Deputy Larry Pope, about an extrajudicial statement made by Martinez's son, which

_____

[1] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

purportedly incriminated Martinez.  Martinez contends that the Government's misconduct violated Federal Rule of Evidence 704 and the Supreme Court's decision in Bruton v. United States, 391 U.S. 123 (1968).[2]  Because Martinez failed to object to the pertinent portions of Deputy Pope's testimony, he is limited to plain-error review on his claims.  See United States v. Aggarwal, 17 F.3d 737, 743 (5th Cir. 1994); United States v. Jobe, 101 F.3d 1046, 1068 (5th Cir. 1996).

Martinez's contention that the Government violated Federal Rule of Evidence 704 when it elicited Deputy Pope's opinion concerning Martinez's guilt or innocence is not supported by the record.  Because the record does not indicate that the Government questioned Pope about Martinez's guilt or mental state, Martinez has not shown any error, much less plain error, with respect to his claim.  See United States v. Webster, 960 F.2d 1301, 1309 (5th Cir. 1992).

Martinez likewise has not shown plain error with respect to his Bruton claim.  First, the portion of the son's extrajudicial statement that was elicited by defense counsel on cross-examination of Pope did not directly incriminate Martinez "without reference to other, admissible evidence."  See Jobe, 101 F.3d at 1066. According to Pope's testimony on cross-examination, Juan Martinez, Jr., told him that he was relaying a message for his father to have

---

[2]  Martinez also states in his issue heading that the Government's misconduct violated his rights to due process and to the effective assistance of counsel.  Martinez, however, has abandoned these issues by failing to address them in the body of his brief.  United States v. Valdiosera-Godinez, 932 F.2d 1093, 1099 (5th Cir. 1991).

the other coconspirators meet his father at a bar in Mexico.  This portion of the son's extrajudicial statement, standing alone, did not show that Martinez possessed marijuana with intent to distribute or conspired to possess marijuana with intent to distribute.  See Jobe, 101 F.3d at 1066-67, 1067 n.28.

Second, although Martinez acknowledges that portions of his son's extrajudicial statement were elicited by his son's defense counsel, he complains only about the Government's conduct in this case.  The record does not support Martinez's contention that the Government sought to transform his son's extrajudicial statement implicating him "into believable inculpatory statements by eliciting Deputy Pope's personal opinion as to [his] guilt."  The only exchange on redirect examination which arguably raised any Bruton concerns occurred when the prosecutor asked Pope why he did not arrest Martinez, Jr., at the same time he arrested the four other coconspirators.  Pope replied:

> I knew Juan Martinez, Jr. was lying to me about some things.  I knew he had some kind of association with these people.  **They claimed he was -- that he was giving them directions for dad and that they'd received directions from dad for transporting dope.**  I figured I could find Juan Martinez, Jr. later if I needed to.  And I needed to substantiate something.

(emphasis added).  Although this testimony tends to incriminate Martinez, Sr., on its face, Pope did not attribute this statement to Martinez, Jr.  Rather, he used the pronoun "they," attributing the statement to the other coconspirators.  Because those coconspirators were not tried jointly with Martinez and because they testified at trial and were cross-examined by Martinez's counsel, no Bruton violation occurred.  See Jobe, 101 F.3d at 1066

(Bruton implicated only when codefendants are tried jointly and confessor does not take stand and is therefore not subject to cross-examination). Martinez has not shown clear or obvious error with respect to his Bruton claim. See United States v. Calverley, 37 F.3d 160, 162-64 (5th Cir. 1994)(en banc).

Next, Martinez argues that there was insufficient evidence to support his conviction for conspiracy to possess marijuana with intent to distribute. This argument is also without merit. The testimony of Melissa Miller, David Powell, Carol Henderson, and Stacy Eric Finley provided ample evidence from which a rational trier of fact could have found all the essential elements of a 21 U.S.C. § 846 conviction beyond a reasonable doubt, including that Martinez voluntarily participated in the conspiracy. See United States v. Polk, 56 F.3d 613, 619 (5th Cir. 1995).

Martinez also challenges his sentence. First, he argues that the district court's determination that his offense conduct involved more than 1,000 kilograms of marijuana was not supported by any reliable evidence. Next, he argues that the district court failed to make foreseeability findings with respect to the drug quantities attributed to him. Finally, he argues that the district court violated Federal Rule of Criminal Procedure 32(c)(1) when it failed to resolve his objection to the quantity of drugs attributed to him.

Martinez's presentence report (PSR) stated that he had supervised approximately 2,685 pounds, or 1,217 kilograms, of marijuana. The district court subsequently adopted the factual findings of the PSR in its written judgment. Martinez's PSR was

sufficiently reliable evidence upon which the district court could base its drug-quantity determination, and the district court's drug-quantity determination was not clearly erroneous.  See <u>United States v. Mir</u>, 919 F.2d 940, 943 (5th Cir. 1990)(when defendant fails to offer rebuttal evidence to refute facts in PSR, district court is free to adopt those facts without further inquiry); <u>United States v. Fitzgerald</u>, 89 F.3d 218, 223 (5th Cir. 1996)(quantity of drugs attributable to a defendant is a factual finding which is reviewed for clear error).  Moreover, the district court was not required to make foreseeability findings because the record indicates that Martinez's sentence was based on quantities of marijuana with which he was personally involved.  See <u>United States v. McKinney</u>, 53 F.3d 664, 677 (5th Cir. 1995).  Finally, the district court complied with Rule 32(c)(1) when it overruled his drug-quantity objection at sentencing and adopted the factual findings of the PSR in its written judgment.  See <u>United States v. Mora</u>, 994 F.2d 1129, 1141 (5th Cir. 1993).

AFFIRMED.